UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VELTOR COTTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:19-cv-04816-SEB-DLP |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Veltor Cotton, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging a prison disciplinary conviction in case number ISR 19-06-67. For the reasons explained below, the petition is **DENIED**.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On June 1, 2019, IDOC Correctional Officer D. Wyatt wrote a Report of Conduct charging Mr. Cotton with physically resisting, a violation of IDOC Adult Disciplinary Code B-235. Dkt. 11-1. The Report of Conduct states:

> On 01 June 2019 at approximately 10:45pm, I, Officer D. Wyatt, escorted Offender Cotton, Veltor #174763 off of the 2C range of G cell house. At that time, Offender Cotton physically resisted me and made a lunge for Officer Z. Dickson.

*Id.*

This Report of Conduct initiated case number ISR 19-06-67. *Id.* Mr. Cotton was also charged with committing battery in case number ISR 19-06-68, fleeing in disciplinary case number ISR 19-06-17, and possession of dangerous contraband/property in disciplinary case number ISR 19-06-16. Dkt. 1, pp. 3-4; dkt. 11, p. 3. All three incidents of misconduct occurred on June 1, 2019. *See Cotton v. Zatecky*, 1:19-cv-3681-SEB-DLP; *Cotton v. Zatecky*, 1:19-cv-4815-TWP-TAB; *Cotton v. Zatecky*, 1:19-cv-4817-TWP-DLP.

On July 11, 2019, Mr. Cotton was notified of ISR 19-06-67 when he received a copy of the Screening Report. Dkt. 11-2. He pleaded not guilty. *Id.* The Screening Report states, "Due to threat on staff, unable to complete screening." *Id.*

On July 17, 2019, ISR 19-06-67 proceeded to a disciplinary hearing. Dkt. 11-3. Mr. Cotton told the disciplinary hearing officer, "I wasn't resisting. They threw me to the ground. I was arguing with Dickson, and when I got close to him they threw me on the ground. I wanted video but you saying there isn't video." *Id.* The disciplinary hearing officer considered Mr. Cotton's statement and the Report of Conduct and found him guilty. Mr. Cotton received a 90-day loss of earned credit time. *Id.*

Mr. Cotton appealed this disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkt. 11-4. His administrative appeals presented the following ground for relief:

> Offender Veltor Cotton never received a screening report #39585 or postponement #49521 for case ISR 19-06-67 [until] 7-15-19 28 days later past the required timeframe for offense to be considered acceptable of any charges or sanctions per policy 02-04-101.

*Id.* These appeals were denied. *Id.*; dkt. 11-5.

### III.
### DISCUSSION

Mr. Cotton's petition does not list any specific grounds for relief. *See* dkt. 1. However, based on his description in the "Supporting Facts" section of his petition, the Court discerns three grounds for relief: (1) the disciplinary hearing was held "outside the 7-day timeframe per policy 02-04-101 without giving any notification as to why"; (2) the Report of Conduct was written "out of retaliation of a lawsuit 1:18-cv-3909-TWP-DML against . . . Sgt. Locke"; and (3) if the disciplinary hearings for ISR 19-06-67, ISR 19-06-68, ISR 19-06-16, and ISR 19-06-17 had been "held the same day offender Cotton believes there may have been a difference in the sanctions or of certain conduct reports being dismissed." *Id.* at 3-4.

The respondent argues that Mr. Cotton did not exhaust his administrative remedies because he did not raise these grounds in his administrative appeals. Dkt. 11, p. 7. Generally, Indiana prisoners challenging their disciplinary convictions may only raise issues in a petition for a writ of habeas corpus that were previously raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

4

The Court finds that Mr. Cotton did not exhaust his administrative remedies on any of the issues he raises in his petition. He presents no evidence or argument that this failure should be excused. Accordingly, his petition for a writ of habeas corpus is **DENIED** and the action is **DISMISSED**. Final Judgment in accordance with this Order shall now issue.

    **SO ORDERED**.

Date:    10/19/2020

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

VELTOR COTTON
174763
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov